KATHARINE B. BLISS et al., Landlords, Appellants, *v.* GREGORI NICOLAEFF, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, May 6, 1948.

*Jas. Maxwell Fassett* and *Eileen R. Ahern* for appellants.

*Charles Recht* and *Osmond K. Fraenkel* for respondent.

EDER, J. The landlords appeal from a final order dismissing the petition herein, without prejudice to a proceeding in the Federal court. The preamble states that the tenant moved to dismiss on the ground that the proceeding was, in fact, one against the Consul General of the Soviet Union, and therefore the court below was without jurisdiction thereof; the preamble also recites that the court below found that said Consul General is the principal tenant and therefore grants the motion.

The appeal also brings up for review an intermediate order denying the landlords' motion to strike out certain paragraphs of the answer filed on behalf of the tenant as sham and frivolous and granting a cross motion by the tenant to dismiss the proceeding for lack of jurisdiction.

There was no appearance for or any answer filed by the Soviet Consul General.

The learned court below, in dismissing the petition, predicated its ruling on section 2 of article III of the National Constitution, and on subdivision Eighth of section 256 of the Judicial Code (U. S. Code, tit. 28, § 371, subd. Eighth).

Said section 2 of article III, so far as here pertinent, provides: " The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; — to all Cases affecting Ambassadors, other public Ministers and Consuls ".

Said subdivision Eighth of section 256, so far as here relevant, provides that the Federal courts shall have exclusive jurisdiction — " Of all suits and proceedings against * * * consuls or vice consuls."

The return on appeal discloses that on December 19, 1940, the landlords and one Gregori Nicolaeff, as tenant, entered into a written lease whereby the landlords leased to said tenant and he hired and took from them the premises in concern, to be used and occupied only as a private school, and private dwelling and not otherwise, for a term to commence on April 1, 1941, and to end on March 31, 1946, unless sooner terminated as therein provided, at an annual rent of $7,200, payable in equal monthly installments of $600 each in advance on the first day of each and every month during said term, *et seq.*

Nowhere therein is the Soviet Consul General referred to as tenant, or as having any interest therein, or in the premises demised, directly or indirectly. The lease is signed by the parties thereto only, and execution thereof acknowledged only by them.

The only document in which appears any mention of the Soviet Consul General is a guarantee wherein it is recited that one Victor A. Fedinshine is Consul General in New York of the Union of Soviet Socialist Republics, and, acting on behalf of his Government, covenants and agrees with the lessors that if default shall at any time be made by the lessee of the lease in the payment of the rent or the performance of the covenants in said lease contained on the part of the lessee to be paid, kept or performed, he or his successor in office for the time being will well and truly pay the said rent or any arrears thereof that may remain due and also all damages that may arise in consequence of the nonperformance of said covenants or any of them, without requiring notice of any such default from the said lessors.

The only paragraph of the tenant's answer which, as I view it, warrants discussion in some detail, is paragraph sixth, wherein it is alleged, by way of a separate defense, that " the tenant ", as an " official " of the Soviet Republics, a sovereign, is entitled to the privileges of sovereign immunity from suit in the courts of this State and of the United States, and that he entered into the lease alleged in the petition in his capacity as such " official " of said Government, with the knowledge of the landlords, and that at the time of making such lease the said Victor A. Fedinshine, as Consul General in New York of the Soviet Republics, made and delivered to the landlords his afore-mentioned guarantee.

Just what " official " status " the tenant " occupied is not disclosed; it is a mere conclusory allegation; but assuming, *arguendo,* the tenant occupied a post as an official of the

Soviet Government. it does not follow that he thereby became "entitled" to the privileges of sovereign immunity from suit. Not every official of a foreign government enjoys such immunity or privilege; only those officials enjoy immunity or privileges as come within the categories mentioned in the Constitution, or the Judicial Code, or treaty, or by express recognition by our Government.

There is no proof in the record, so far as I have been able to find, of commission or appointment of the tenant as an official of the Soviet Government, or of the issuance to him of an exequatur by our Government; nor do I find any proof that Fedinshine was ever issued an exequatur. It is the issuance of an exequatur that invests the foreign official with the mentioned immunity or privilege for the exequatur is the confirmation of his commission; it constitutes the recognition of his status here and thereby entitles him to exercise his rights and privileges (*Valarino* v. *Thompson,* 7 N. Y. 576; 2 C. J., Ambassadors & Consuls, § 14). As said in *Rock River Bank* v. *Hoffman* (22 How. Prac. 250, 256): "The only evidence, indeed, of his appointment, is the *exequatur.*" (See, also, *Savie* v. *City of New York,* 118 Misc. 156, affd. *sub nom. Savic* v. *City of New York,* 203 App. Div. 81.)

In the *Rock River Bank* case (*supra*), while an assertion of official standing was made, there was no proof adduced, and the court, after making the quoted statement, made this significant comment: "He has never shown it before this court."

What I find in the record before this court are assertions, not proof.

There has been neither appearance nor answer here by the Soviet Consul General, and he has not made any claim of immunity or privilege, nor has he raised any objection to the jurisdiction of the court below; and though the court, of its own motion, should refuse to proceed where it appears at any stage that the suit is against a consul (*Valarino* case, *supra*; *Griffin* v. *Dominguez,* 2 Duer 656), there must, in any event, be evidence that such is the fact.

The mere signing of the guarantee by the Soviet Consul General did not make him a party to the lease, or give him any interest therein or give him any interest in the demised premises nor did the fact that his checks were used to pay the rent. That was his obligation as a guarantor if the tenant failed to pay it, and, indeed, it is immaterial whose check paid the rent.

The premises were utilized by the tenant Nicolaeff, as a school, and while used to educate the children of Soviet officials, it was in no sense used by the Soviet Consul General in the administration of his office, as such.

The tenant's answer does not claim this controversy involves a suit against the Soviet Consul General; what it alleges and asserts is that it is a suit involving *the tenant* as an official of the Soviet Government, and, as I have pointed out, there is nothing in the record showing the post he holds, or that it comes within the category of officials entitled to the immunity or privilege given to the excepted officials.

That the Soviet Consul General is not the tenant is admitted, for the court below sought to justify the dismissal of the petition on the theory that he was what it styles the " principal tenant ". The final order recites " the Court having found that said Consul General is the principal tenant "; and in its opinion the learned court below says: " My [final] order was based in part on a finding stated therein, that since March 31, 1946, when the lease was terminated, if not before then, the landlords had recognized the Consul General as the principal tenant."

The opinion concludes with the statement that the court adheres to its original " determination that this proceeding is, in fact, one against the Consul General and belongs properly in the Federal Court."

I am unable to agree with the views and conclusions of the court below; I do not find any basis in the record to justify them.

To support the finding of the trial court that since the expiration of the lease the landlords had recognized the Soviet Consul General as the principal tenant it is argued by respondent's counsel that the landlords " received rent from the Soviet Consul General for the premises — there being no suggestion that the money was received in fulfillment of the guarantee executed at the time of the making of the original lease."

I fail to see that this constituted, of itself, a " recognition " of the Soviet Consul General as the " principal tenant ".

With the expiration of the lease Nicolaeff, as tenant, continued in possession, as a so-called statutory tenant by virtue of paragraph (1) of subdivision (a) of section 6 of the Office of Price Administration Rent Regulation for Housing in the New York City Defense-Rental Area (9 Federal Register 14987, as amd.), so long as he continued to pay the rent to which the landlord was entitled, and the payment of the rent, by whomever paid, continued his right to continued possession; it did not, perforce such payment, make the person who paid the rent the new or principal tenant.

Whether the payment was made by the Soviet Consul General, as a newly recognized tenant, presents a question of fact. It is not established, as a matter of law, merely because the payment was made by check of the Soviet Consul General, and there is no evidence in the record that the payment of the rent was made by him under such a claim. The record is barren of any such proof. It appears to have been assumed rather than proved as the fact itself.

The record does not support the finding that the proceeding is, " in fact ", one against the Soviet Consul General, and the final order should be reversed and a new trial ordered.

As to the intermediate order brought up for review denying landlord's motion to strike out all the paragraphs in the tenant's answer, and granting tenant's cross motion to dismiss the petition for lack of jurisdiction, the tenant's cross motion should have been denied, for the reasons here given, and it was error to grant it.

As to the landlords' motion to strike out said paragraphs as sham and frivolous, the order should be modified by granting and denying the motion in part. The allegations of the petition, as pleaded, in the form presented, warrant denial in some respects, by virtue of the intermingling of allegations which should have been separately alleged.

As to paragraphs first, third, sixth, seventh, eighth and eleventh, they cannot be said to be sham and frivolous.

As to paragraph second, the motion should be granted to the extent of striking out the denial of the allegations in paragraph " 5 " of the petition.

As to paragraphs fourth, ninth and tenth, the motion should be granted. They allege conclusions. As to paragraph fifth, the motion should be granted; it is not a " defense ".

The final order should be reversed and new trial ordered, with $30 costs to appellant to abide the event.

The order of December 6, 1946, should be modified as follows: Cross motion of tenant to dismiss petition is denied. Motion of landlords to strike out paragraphs of the answer granted to the extent of striking out from paragraph second the denial of the allegations of paragraph " 5 " of the petition, and also granted as to striking out paragraphs fourth, fifth, ninth and tenth, and denied as to paragraphs first, third, sixth, seventh, eighth and eleventh, and as modified affirmed.

CHURCH, J., concurs. HAMMER, J., concurs in result.

Final order reversed, etc.
Order of December 6, 1946, modified, etc.