Cyril Hill et al., Respondents, *v.* Wek Capital Corporation, Appellant.

First Department, November 26, 1957.

Sidney S. Flaum for appellant.

Joseph Leder of counsel (Daniel W. Meyer with him on the brief; Boudin, Cohn & Glickstein, attorneys), for respondents.

BASTOW, J. The defendant appeals from a judgment permanently enjoining the issuance or execution of a warrant upon a final order in a summary proceeding in the Municipal Court in which the present appellant was plaintiff and the respondents in this action were defendants. The gravamen of the present action is that a certain stipulation made between the parties in the Municipal Court action was signed by the plaintiffs herein, as tenants, by reason of certain fraudulent representations made by the defendant in this action, as landlord. Special Term following a trial, however, did not base its decision upon any finding of fraud. It found that the apartment in question was subject to the rent control law and that subsequent alterations were ineffectual to decontrol the apartment. It was concluded that Municipal Court had no jurisdiction over the proceeding and that the stipulation of the tenants was ineffectual to confer jurisdiction because the remedies provided to tenants under the rent control statute may not be waived as a matter of public policy.

It appears that in 1953 the defendant's predecessor leased the premises to a third party who subsequently sublet to one of the plaintiffs. On September 4, 1956 the defendant commenced the summary proceeding in Municipal Court to remove the subtenants on the ground they were holding over after the expiration of their tenancies. It was alleged in the petition that the apartment was not subject to rent control in that it was created by a change from nonhousing to a housing use subsequent to February 1, 1947. After receiving the petition and precept the plaintiffs retained an attorney, who had several conversations with the attorney for the defendant landlord. On the return day of the precept the parties and their respective attorneys entered into a stipulation by the terms of which Cyril Hill, the subtenant appeared in the proceeding and conferred jurisdiction upon the court. The stipulation contained the further representation by Hill that he had occupied the apartment for both commercial and residential purposes and that the apartment was not subject to rent control. Lastly, he consented to the entry of a final order with a six months' stay of execution. An order was made and entered carrying into effect the provisions of the stipulation.

The trial court, as has been stated, did not pass upon the cause of action alleged in the complaint that the stipulation had been obtained by the fraud and misrepresentations of the landlord and his attorneys upon which the plaintiff herein relied. We find in the record no evidence upon which such a finding could have been made.

There remains for consideration the question as to whether the action of the plaintiffs in executing the stipulation was void as an agreement to waive the benefits of the rent control statutes as provided in section 16 of the State Rent and Eviction Regulations and therefore conferred no jurisdiction upon the Municipal Court to make the order granting possession of the apartment to the landlord. It is recognized that such agreements are invalid. (Cf. *Estro Chem. Co.* v. *Falk*, 303 N. Y. 83, 87; *Sylvester* v. *Bernstein*, 283 App. Div. 333, affd. 307 N. Y. 778.)

It must first be determined, however, as to whether there was an agreement to waive the benefits of the statute. The petition in the Municipal Court action, as has been stated, alleged that the apartment was not subject to rent control. Upon the present trial there was evidence from which it could have been found that the apartment in question was a wooden superstructure set on top of the roof of the building. In July, 1952 the housing and building department placed a violation upon the premises by reason of the fact that the apartment was illegally occupied as housing accommodations. Thereafter, the apartment was vacated and boarded up. Subsequently, the then owner had plans prepared, razed the superstructure and at a cost of $15,000 erected new brick walls and completed the present apartment which in 1956 was leased to the prime tenant. The landlord contended when the summary proceeding was brought that the rent regulations did not apply because the housing accommodations had been created by a change from a nonhousing to a housing use after February 1, 1947. The tenants retained a lawyer, who made an investigation, appeared on the return day of the precept and advised his clients to execute the stipulation consenting to the entry of an order granting possession of the apartment to the owner.

The subject apartment had been registered as housing accommodations in 1943 and the trial court found that the apartment was in fact controlled and with that finding we agree. The tenants or their attorneys, however, could have ascertained

that fact before signing the stipulation by examining the records in the local rent office. The present plaintiffs to succeed in this action may not rely as to this fact upon any representation made by the landlord. The applicable rule was stated in *Sylvester* v. *Bernstein* (283 App. Div. 333, 336, *supra*) where it was said: " The law is well settled that one to whom an alleged false representation is made may not rely thereon under the following circumstances: ' if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations. [Citing cases.] ' "

There remains the question as to whether the order made in Municipal Court was the settlement of a bona fide dispute or constituted a prohibited waiver by the tenant of rights conferred by the rent control statutes and regulations. (Cf. *Brooklyn Bank* v. *O'Neil*, 324 U. S. 697, 703.) In *Estro Chem. Co.* v. *Falk* (303 N. Y. 83, 87, *supra*) the holding was clearly made that in cases involving excessive payment of rent " that under no circumstances may tenants waive or release or otherwise settle by agreement their right to recover rent paid in excess of that permitted by law."

We are not convinced that this rule should be applied to every case arising in the area of rent control. In the instant case the tenants were represented by an attorney, who had full opportunity to explore the facts. Thereafter, the attorney presented to them a stipulation which was signed and filed with the court. It was represented therein that for the stated reasons the apartment was not subject to rent control and consent was given to the entry of a dispossess order with suitable stay. While we presently agree with the determination herein that the apartment had not been decontrolled, a litigable issue would have been presented in Municipal Court by the allegations of the petition and an assumed denial in an answer. It seems unrealistic under such a state of facts to hold that Municipal Court acted without jurisdiction and that its decree was null and void. In that event parties not only would be required in every case to try the case to a conclusion but after the time to appeal from an adverse decision had expired a collateral attack could be made upon the decree in an equity proceeding seeking a determination that the trial court was without jurisdiction. The Municipal Court in the first instance had juris-

diction of the subject matter and of the parties. A dispute arose between the parties as to whether or not the apartment was controlled. The tenant made a representation to the court that the apartment was not controlled and consented to the entry of an order.

A similar situation was presented in *Hecht Co. v. Kuerner* (188 Misc. 519) wherein a summary proceeding was instituted to obtain possession of commercial space. The petition alleged, among other things, that the landlord's equity in the premises was more than 25% of the purchase price. Upon the return date of the precept the tenant and his attorney were in court. A stipulation was made settling and compromising the controversy and a final order was entered. Thereafter the tenant sought to have the decree vacated upon several grounds, including the claim that the landlord did not have a 25% equity in the premises. In affirming an order denying the requested relief Justice SHIENTAG writing for the Appellate Term said (p. 522): " The Commercial Rent Law provides that a landlord in order to obtain possession for his own use must have a 25% equity in the property. The tenant is not permitted to waive the requirements of the emergency rent statute. But this does not prevent the tenant, acting on the advice of his counsel, from agreeing in open court before a judge of competent jurisdiction, that his landlord has met the requirements of the statute and consenting to the entry of a final order with a stay of execution thereof. The petition alleged compliance with the emergency rent statute and the tenant did not take issue with such allegations. That does not constitute the kind of waiver which the statute was designed to prohibit."

The judgment appealed from should be reversed and the complaint dismissed.

RABIN, J. P., FRANK and McNALLY, JJ., concur.

Judgment unanimously reversed and complaint dismissed, with costs and disbursements to appellant. Settle order.