Walter R. Hart, J.
This is a summary proceeding to remove the tenant from a private dwelling, main house, pool, dock, garden and garage in Great Neck, Long Island, for nonpayment of rent alleged to be due at the monthly rate of $800 for August and September of 1957.
Tenant appeared specially and moved for dismissal of the proceeding upon a claim of diplomatic immunity by virtue of his status as Consul General of Venezuela and as its alternate representative to the United Nations with the rank of Envoy Extraordinary and Minister Plenipotentiary. The motion to dismiss was denied with leave to tenant to appear generally, and the case was set down for trial for a day certain. Tenant failed to appear on the date set for trial and his default was duly noted. Thereafter he moved to open his default and the motion was denied.
Tenant appealed to this court as of right from the order denying the motion to open his default, and by permission of the District Court from the order denying the motion to dismiss the summary proceeding for lack of jurisdiction. We disposed of the appeals by opening the default and permitting tenant to raise the question of jurisdiction at the trial. We also suggested that the ultimate disposition to be made herein be deferred until such time as the trial court was duly informed of the attitude of the State Department as to whether the tenant was immune from process.
At the trial, tenant’s attorney sought to establish his diplomatic status by offering in evidence a letter which he received from the Chief of Protocol of the Department of State. The letter purportedly was in answer to an inquiry with regard to tenant’s claim of immunity from process in this proceeding. *916 Upon objection duly made, tbe letter was excluded as hearsay. Tenant’s counsel thereupon requested an adjournment of' the trial for the purpose of obtaining proper certification or other proof as to the official position of the tenant. The request was denied and the trial was concluded. Subsequently, and before any decision was rendered, tenant moved to reopen the hearing for the purpose of offering in evidence a certificate of the Department of State relating to the. diplomatic and consular standing of the tenant. The motion was denied, and the court ultimately awarded a final order and money judgment in favor of the landlord.
It is pertinent to observe that all suits and proceedings against ambassadors or other public ministers and consuls are, by statute, exclusively for the Federal courts (1 Cyclopedia of Federal Procedure [3d ed.], § 2.82). The Supreme Court of the United States is vested with original jurisdiction of ‘ ‘ All actions or proceedings ” against ambassadors and other public ministers of foreign States (U. S. Code, tit. 28, § 1251). The District Court has original jurisdiction, exclusive of the States, of “ all actions and proceedings ” against consuls and vice-consuls of foreign States (U. S. Code, tit. 28, § 1351). Any writ or process sued out or prosecuted, whereby the person of any ambassador or public minister is arrested or imprisoned or his goods or chattels are distrained, seized or attached is void (U. S. Code, tit. 22, § 252).
It has been held that foreign diplomatic representatives are exempt from all locals process in the country to which they are accredited and not merely from suits which have as a direct objective a distraint, seizure or attachment of goods or chattels (Carrera v. Carrera, 174 F. 2d 496). The immunities and privileges accorded to ambassadors and ministers of foreign States have been extended to include, among others, an accredited resident representative to the United Nations with the rank of Minister Plenipotentiary (U. S. Code, tit. 22, § 288d; Arcaya v. Paez, 145 F. Supp. 464, affd. 244 F. 2d 958).
A local court must relinquish jurisdiction when it appears that a claim of immunity has been recognized and allowed by a competent branch of the Government and a “ suggestion ” of immunity has been properly presented to the court. Thus, in Matter of United States of Mexico v. Schmuck (294 N. Y. 265, 272) it was said: “ the courts 4 follow the action of the political branch, and will not embarrass the latter by assuming an antagonistic jurisdiction.’ (United States v. Lee, 106 U. S. 196, 209.) Then judges who assume a jurisdiction which may embarrass the Department of State in the conduct of foreign *917 relations may be commanded to relinquish jurisdiction upon the request or suggestion of the political branch of the Government.”
The question has been raised whether diplomatic immunity may be invoked in a summary proceeding to recover possession of real property. Landlord relies on the case of Agostini v. De Antueno (199 Misc. 191) for the negative of this proposition. It was there held that such immunity does not apply in a summary proceeding to recover possession of real property occupied by an accredited representative of a foreign government to the United Nations and “not pertaining to his diplomatic status. ’ ’ The court stated that summary proceedings were matters of local concern and that the jurisdiction of the local .court was essentially in rem and not in personam. <—
f In the Agostini case (supra) the court appeared to rely heavily ! upon the case of Popovici v. Agler (280 U. S. 379), where the I Supreme Court rejected the'Aontention that a court of the ! State of Ohio lacked jurisdiction of an action for divorce brought against the Yice-Consul of Eumania. The rationale of the decision (per Holmes, J.) was that actions for divorce were matters of State concern and that the courts of the United States have no jurisdiction over divorce. However, in Carrera v. Carrera (174 F. 2d 496, supra) the United States Court of Appeals, District of Columbia Circuit, held that the rule of diplomatic immunity does apply in the field of domestic ''vrelations. There, in an action' for a separation instituted in the United States District Court for the Southern District of Columbia against an Ecuadorian national employed by the Czechoslovak Ambassador as a butler and chauffeur, the court affirmed the dismissal of the complaint on the ground that the defendant was immune from process/_The Circuit Court pointed out that the question of diplomatic immunity was not raised in the Popovicijtase (supra). \
See, also, Tsiang v. Tsiang (194 Misc. 259), where the court upheld a claim of diplomatic privilege in an action for separation against a permanent resident representative of the Chinese Government to the United Nations.
Particularly apposite- to the situation at hand is the case of Bliss v. Nicolaeff (191 Misc. 798 [App. Term, 1st Dept.]) involving a summary proceeding to recover possession of premises leased as a school for children of Soviet officials and as a residence. The court there indicated that it would have rejected jurisdiction if it had satisfactorily appeared'that the proceeding was against the consul of a foreign government. The same conclusion must apply with even greater force as regards *918 a tenant who has the rank of ambassador or minister of a foreign State. In any case, the vesting in the Supreme Court of the United States of original and exclusive jurisdiction of “ All actions or proceedings ” against ambassadors and other public ministers of foreign States excludes by implication the right to maintain any action or proceeding in a local court, whether in personam or in rem, against a foreign diplomatic representative duly accredited to this country^ See, e.g., Knocklong Corp. v. Kingdom of Afghanistan (6 Misc 2d 700), ¡where the Nassau County Court upheld a claim of immunity iw an action brought by the holder of a tax deed under article 15 of the Beal Property Law to determine title to property owned in fee by the Kingdom of Afghanistan.
Beturning to the case at bar, tenant contends that the trial court failed to follow our admonition to defer making any determination until duly informed as to the attitude of the State Department in this matter. The proof adduced at the trial was insufficient as regards the official status of the tenant. The letter from the Chief of Protocol of the Department of State was properly excluded as hearsay and could not take the place of proof of the facts recited therein (see Bichardson, Evidence [8th ed.], § 206). It was neither record nor document of a United States Department within the contemplation of section 400 of the Civil Practice Act. The latter section permits a copy of a record or paper remaining in a department of the Government of the United States to be considered as evidence when certified by the head or acting chief officer of that department.
Nevertheless, in view of our prior decision herein, the trial court should not have denied tenant’s request for an adjournment in order to procure acceptable proof of his diplomatic status. Inasmuch as we remitted the proceeding for appropriate disposition after the State Department had indicated its attitude, the Trial Justice should have withheld making any determination herein until duly apprised thereof. Absent competent proof in this regard, the matter should not have proceeded to trial. In any event, the court should have granted the motion to reopen the trial in order to permit the presentation of additional proof which had a definite and probably decisive bearing on tenant’s claim of immunity.
The final order should be reversed, without costs, and a new trial ordered. The appeal from the order denying the motion to reopen the trial should be dismissed as academic.
Pette and Brown, JJ., concur.
Final order reversed, etc.