■ In the Matter of RALPH H. WIENER et al., Doing Business as FREEHOLD INVESTMENTS, Appellants, against JOSEPH J. CAPUTA, as State Rent Administrator, Respondent.— In a proceeding to review a determination of the State Rent Administrator, the appeal is from an order denying the petition and dismissing the proceeding. The determination sought to be reviewed denied the landlords' (appellants herein) protests to two orders of a Local Rent Administrator, one decreasing the maximum rent of certain housing accommodations and the other refusing to restore the previous maximum rent. Order reversed, without costs, and matter remitted to the State Rent Administrator for the making of an order as indicated herein. With the landlords' application for decontrol of the subject housing accommodations on the ground that

it was being used by the tenant in the practice of psychotherapy pending before the Local Administrator, in connection with which application the tenant complained that the recent painting work which the landlords had had done in the premises was unsatisfactory (a prior application by the tenant to decrease the maximum rent on the ground of failure to paint had been terminated on condition that the painting would be done), the representative of the Local Administrator suggested at a conference attended by the parties and the tenant's attorney that the parties adjust their differences. They forthwith negotiated, with the result that they arrived at a settlement the same day and at the Local Administrator's office apparently with the approval of the said Local Administrator's representative, which settlement was embodied in the landlords' written withdrawal of their said application, the tenant's written withdrawal of "all pending complaints on my part against the landlord", and the entry into a new written lease for three years at an increased rental. The lease stated that the landlords would install in the premises certain new kitchen equipment and wiring for air conditioning, that the tenant would be permitted to continue to use the premises as her professional office, and that the "Parties release each other of all claims up to this date". The landlords performed their said obligation to install the said equipment and wiring, and they applied to the Local Administrator for an order fixing the maximum rent in the amount as set forth in the lease. However, the tenant applied for a decrease in the maximum rent on the ground previously asserted by her, that the painting work was unsatisfactory, and on the further ground that the landlords had failed to replace a broken glass holder. There is a dispute as to whether the settlement contemplated that the landlords repaint the premises or whether they merely volunteered in the interim to repaint them. However, the documents entered into in the settlement make no mention of any such requirement on the part of the landlords and the record contains no evidence of any such requirement. The tenant refused to permit the landlords' painter to do the work, and she had repainting done at her own expense. The Local Administrator granted the tenant's said application, making orders which fixed the maximum rent at a figure which was in accordance with the new lease but decreased because of the claims as to painting and the broken fixture. The landlords then applied to the Local Administrator for an order restoring the maximum rent to the amount set forth in the lease, and that was denied. Thereafter, the landlords protested to the State Rent Administrator from the said determinations of the Local Administrator, and the protests were denied. In our opinion, the settlement, part of which was the release provision in the lease, was binding and barred all right of the tenant to seek a decrease of the maximum rent on the basis of her pre-existing complaint as to painting. The release was not within the realm of a waiver which is prohibited by section 16 of the State Rent and Eviction Regulations (cf. *Edward Tarr, Inc.* v. *Phoenix Pubs.*, 1 A D 2d 189, affd. 1 N Y 2d 870; *Hill* v. *Wek Capital Corp.*, 4 A D 2d 615; *Forestiere* v. *D'Alessandro*, 2 A D 2d 750; *Ellenbogen* v. *Caldwell*, 270 App. Div. 946; *Pulaski* v. *Lynch*, 187 Misc. 768; *Hecht Co.* v. *Kuerner*, 188 Misc. 519). There was no basis in the record which could support a finding that the landlords were required, as part of the settlement, to repaint the premises. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.