OPINION OF THE COURT
Edward H. Lehner, J.
This motion raises the issue of whether a holdover summary proceeding “settled and discontinued” by stipulation in August, 1980 on specified “terms and conditions”, which are now alleged to have been violated, may be restored to the Trial Calendar by motion or whether a new proceeding must be instituted.
THE HOLDOVER PROCEEDING
. The landlord commenced this proceeding in July, 1980 claiming the tenant’s lease for commercial premises was terminated by reason of tenant’s failure to cure designated lease violations within a specified time. The alleged violations consisted essentially of failing to perform certain repairs and having made alterations without the consent of the landlord.
On August 28, 1980, the parties entered into a written stipulation, the preamble to which provided that the proceeding is “settled and discontinued on the following terms and conditions.” Some of the terms and conditions therein *671 set forth dealt with the lease violations alleged by the landlord and some had no relation thereto. The stipulation had no provision for the court to have continuing jurisdiction, contained no procedures in the event of a default, and did not provide for the entry of a judgment.
THE CONTENTIONS OF THE PARTIES
In the landlord’s moving affidavit of April 3, 1981, he alleges that “none of the items set forth in the stipulation were complied with” and, therefore, the court should restore the matter to the Trial Calendar.
In opposition, the tenant’s attorney argues that this eight-month-old holdover proceeding may not be revived by motion and that a new proceeding must be commenced. Said attorney further alleged (no affidavit having been submitted by tenant) that all rent to date was paid and that the tenant “has met all of the obligations contained in said stipulation”.
THE LAW
Until October, 1979, the leading case in New York on the right of party to set aside a stipulation of settlement on motion was Yonkers Fur Dressing Co. v Royal Ins. Co. (247 NY 435). There, Judge Pound stated the following regarding the court’s power to undo a stipulation entered into during the pendency of an action (p 445): “In the exercise of its discretion it relieves litigants from stipulations signed by counsel during the pendency of the case, on motion in the action, when such stipulations were either unadvisedly or inadvertently signed, or when the circumstances reveal that the stipulation should not be held, in order to promote justice and prevent wrong”.
However, with respect to stipulations of settlement, the court said (p 446): “But when a compromise results in the termination of an action and the execution of a new agreement giving effect to the settlement, it cannot be undone in the discretion of the court, on motion in the action and on conflicting affidavits raising anew the same dispute once settled, merely to bring about a final disposition of the original action on its merits.”
In his 1972 comment appearing in McKinney’s under CPLR 3217, Professor David D. Siegel states that the *672 Yonkers decision “and its insistence upon a plenary action to vacate a discontinuance is a needlessly technical proposition whose time is past. The Court of Appeals would do well to reconsider it when next the opportunity arises.” (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR, C3217:10, p 276.)
Such opportunity occurred in 1979 in Teitelbaum Holdings v Gold (48 NY2d 51, 55-56) where the ruling in the Yonkers case was substantially limited. Writing for the court, Chief Judge Cooke said:
“Preliminarily, we recognize that the Yonkers case has been criticized as a vestige of the past which is not in harmony with modern procedural tenets [citations omitted]. Whatever its theoretical underpinnings, the Yonkers rule drew its justification from the practical notion that there must ultimately be an end to litigation *** Compelling as this rationale might have been at the time of that decision, it has been substantially eroded over the intervening decades. Numerous postjudgment remedies are available to litigants upon a properly interposed motion (see, e.g., CPLR 317, 5015).
* * *
“It would be inadvisable, therefore, to apply the Yonkers rule in situations where the parties have not unequivocally terminated their lawsuit. Rather, the presumption in the normal case should be that an action is not automatically terminated merely because an agreement to settle has been made. This presumption may be overcome only upon a showing that the parties have executed an express, unconditional stipulation of discontinuance, or have entered judgment in accordance with the terms of the settlement”.
THE DECISION
Although Teitelbaum deals with a plenary action, where a requirement for the institution of a new lawsuit would be much more onerous than in a summary proceeding because of the various pretrial procedures available in a plenary action, I find that the rule thereof applies herein as there are no special rules on this issue relative to summary *673 proceedings. Subdivision (c) of section 110 of the New York City Civil Court Act provides that the Housing Part of this court may retain continuing jurisdiction “of any action or proceeding relating to a building until all violations of law have been removed”. That authorization, hdwever, is merely a codification of existing judicial power.
Thus I find that the motion should be granted. The stipulation was not “unconditional” as the proceeding was settled on the conditions set forth therein which petitioner now alleges were not complied with. Further, no judgment was entered, nor even authorized thereunder.
The fact that respondent has been paying rent since the settlement in no way affects petitioner’s right to the relief requested. (RPAPL 711, subd 1.)
An issue that may be presented to the trial court is whether petitioner can show violations of the stipulation that are not alleged in the notice of termination in order to sustain the petition. Although the issue is, of course, one to be determined by the Trial Judge, it would seem that stipulation violations that are not alleged in such notice cannot give rise to a lease termination, which is the basis of the holdover proceeding.
In light of the above, this proceeding is restored to the Trial Calendar in Part 17 for Tuesday, May 12, 1981.