OPINION OF THE COURT

Per Curiam.

Final judgment entered March 5, 1982 reversed, with $30 costs, final judgment of possession directed in favor of landlord as prayed for in the petition, and case remanded to the court below to determine the amount of accrued rentals owing through December 31, 1981 and the appropriate allowance for use and occupancy after December 31, 1981.
*549 Contrary to the conclusion reached at Trial Term, we find tenants’ letter of July 10, 1979 to be void for indefiniteness and unenforceable as a lease renewal against the individual owner of a condominium apartment. The substance of the letter was primarily addressed to a loan transaction between the parties, with a casual reference to a renewal contained in the penultimate paragraph: “I believe I understand from yesterday’s conversation that you are prepared to extend our current lease for an additional three years, an offer which I am prepared to accept”. Petitioner signed the letter at or about the time she received a check from the tenants in the sum of $5,584.24, which was simultaneously indorsed over to the condominium organization to cover petitioner’s arrears in maintenance payments.
It has recently been reaffirmed, “definiteness as to material matters is of the very essence in contract law * * * vagueness and uncertainty will not do” (Martin Delicatessen v Schumacher, 52 NY2d 105, 109). The writing in question is silent as to the amount of rent to be paid and the date on which the term is to commence. Not only are the terms indefinite, the very question of whether the parties intended, then and there, to form a contract is in doubt, and their agreement is impliedly made the subject of future negotiations. An agreement to agree in the future on a material term of a contract renders that contract unenforceable (Martin Delicatessen v Schumacher, supra) and “[w]hen the wording and sense of letters exchanged * * * reveal no present intent to form a binding contract * * * either party may withdraw” (Brause v Goldman, 10 AD2d 328, 332). Here, the words used — to the effect that tenants were “prepared to accept” an offer which they “believe” petitioner was “prepared” to make — do not connote any present meeting of the minds on a binding contract. Moreover, to adopt tenants’ stance that the letter sets forth a renewal for three years at the same rental of $700 per month would produce an unreasonable and onerous result, in light of expert testimony that the current rental value of the premises approaches $2,500 and considering that petitioner continues to be burdened with ever increasing maintenance costs. Accordingly, we construe *550 the letter as a sign of recognition of a loan, not as a sign of assent to a long-term low rent lease renewal.
We do not recognize the tenants’ claim of diplomatic immunity. Respondent Percy Dahan’s position as an attaché of the Lebanese government to the United Nations does not of itself confer general immunity status (48 CJS, International Law, § 68, p 112). A representative to international organizations is immune from suit or legal process only relating to acts performed by him in his official capacity and falling within his function as such an employee (US Code, tit 22, § 288-d, subd [b]). The burden of proof of immunity is on the claimant (Cocron v Cocron, 84 Misc 2d 335, 338, 340) and a determination of whether or not that immunity attaches “lies within the province of the court(s) * * * on the basis of the facts properly before it” (Shamsee v Shamsee, 74 AD2d 357, 360). This proceeding deals with the tenant’s residence, a matter separate, apart and unrelated to whatever public relations he conducts for his government. In Agostini v De Antueno (99 NYS2d 245, 248), it was held “no doubt that real property held by diplomatic officers in a foreign state, and not pertaining to his diplomatic status, is subject to local laws.” A summary proceeding is one essentially directed against the property, not the person. Acts referable to that property are outside the scope of the attaché’s duties and do not warrant immunity (Vulcan Iron Works v Polish Amer. Mach. Corp., 472 F Supp 77; United States v Enger, 472 F Supp 490, 503). “Sovereign immunity is a derogation from the normal exercise of jurisdiction by the courts and should be accorded only in clear cases” (Victory Transp. v Comisaria Gen. de Abastecimientos y Transportes, 336 F2d 354, 360).
Dudley, P. J., Hughes and Sullivan, JJ., concur.