OPINION OF THE COURT
Felice K. Shea, J.
This application pursuant to CPLR article 78 raises the spectre of a collision between the determination of an administrative agency and the order of a court.
Petitioner landlord Cashmere Realty Corp. (Cashmere) seeks judicial review of an order by the New York City Division of Housing and Community Renewal (formerly the Conciliation and Appeals Board [CAB]) which requires petitioner to paint the apartment of Salinah Abdullah, who is a residential tenant in a rent-stabilized apartment at 1975 Seventh Avenue, New York, New York.
On September 21, 1983, a judgment was entered by the Civil Court in accordance with a stipulation settling a nonpayment proceeding brought by Cashmere against Abdullah. The stipulation between the landlord and the tenant, both represented by attorneys, provided for the tenant to pay rent and for the *206 landlord to make repairs and to deduct $96 from the rent due to compensate the tenant for painting her apartment. The landlord also agreed to furnish six gallons of white paint.
On September 13, 1983, before entry of the court judgment, the tenant filed a complaint with the CAB alleging diminution in services by her landlord including failure to paint. On January 26, 1984, the CAB issued the order challenged herein directing the landlord to paint the subject apartment. The record demonstrates that the CAB was aware of the stipulation and judgment of the Civil Court. [1]
Petitioner agrees with respondent that the Code of the Rent Stabilization Association of New York City, Inc. (Code) requires a landlord to paint a residential rent-stabilized apartment every three years. There is also no dispute that the apartment was not painted by the landlord, nor was it painted by the tenant as she agreed to do in the court-ordered stipulation. Petitioner also recognizes that the Code voids any purported waiver by a tenant of benefits under the Rent Stabilization Law[1] (Administrative Code of the City of New York § YY51-1.0 et seq.). The parties disagree as to whether the stipulation between the landlord and the tenant contains a waiver and whether the CAB must defer to the court order.
Petitioner argues that the tenant benefited from the stipulation since it enabled her to paint the apartment at her convenience in the colors of her choice, that stipulations of settlement are encouraged by Judges in the Housing Part of the Civil Court, and that the agreement was in no way a waiver by the tenant of any benefits to which the law entitled her. Petitioner also argues that the effect of the challenged order is to void the stipulation of the landlord and tenant and overturn a judgment of the Civil Court which only the Appellate Term may do. Petitioner further maintains that by approving the stipulation, and entering judgment based thereon, the Civil Court determined that there was no waiver on the tenant’s part.
*207 In opposition, respondent contends that the order of the CAB was reached rationally, that it is in accordance with law, and that the stipulation under which the tenant agreed to paint her apartment is a waiver of her right to have the landlord paint the apartment which is void and unenforceable under Code § 11.
The Rent Stabilization Law and Code were enacted for the benefit and protection of tenants. In furtherance of this policy, the law requires the landlord to paint every three years and takes away from the tenant the capacity to relieve the landlord of this duty. The CAB (and now its successor agency) has the power to administer the rent regulations and to compel the landlord to paint.[2]
The Civil Court lacks authority to order a tenant to paint his or her apartment in view of the Code provisions placing this responsibility on the landlord. By approving the stipulation herein between the landlord and the tenant, the Civil Court sanctioned a contractual arrangement under which the landlord, in effect, paid the tenant to paint. The court could not and did not relieve the landlord of its obligation. The stipulation between the parties would be unenforceable as a prohibited waiver if it had imposed on the tenant the ultimate duty to paint.
The CAB ruling does not void the stipulation or nullify the Civil Court judgment. It merely recognizes that the landlord’s duty to paint cannot be shifted. The Civil Court judgment based on stipulation remains binding, albeit emasculated. The landlord’s remedy for failure of the tenant to abide by the agreement is spelled out in the stipulation as follows: “If either party fails to comply with the stipulation, then either party can move to restore this matter to the calendar on five days notice.” (See also, Siegel, NY Prac at 242.) The landlord’s ability to prevent unjust enrichment by the tenant is protected.
In sum, the Civil Court judgment governs only the dispute between the landlord and the tenant. The CAB order, on the other hand, enforces an obligation of the landlord to paint which runs not only to the tenant but also to the State as guardian of the public interest. The stipulation and judgment were correctly disregarded by the CAB.[3] They do not insulate petitioner landlord from its duty to paint.
*208 There is a rational basis for respondent’s order and, accordingly, the application is denied and the petition dismissed. (Matter of Pell v Board of Educ., 34 NY2d 222, 230-231.)

. Code of the Rent Stabilization Association of New York City, Inc. § 62 (A), promulgated with the approval of the Housing and Development Administration (now the Department of Housing Preservation and Development), provides that the requirements of the Code “shall not be evaded, either directly or indirectly * * * by modification of the services furnished or required to be furnished with the dwelling units, or otherwise.” In the definition of “Required Services”, Code § 2 (m) (1) states that: “Owners shall comply with the requirement of the Housing Maintenance Code that each dwelling unit must be painted at least once every three years.” Code § 11 provides: “An agreement by the tenant to waive the benefit of any provision of the Rent Stabilization Law or this Code shall be void.”

. L 1974, ch 576, § 6 (e) (10); (f), eff May 29,1974, L1974, ch 576, § 17, as amended by L1976, ch 486, § 2; L1977, ch 203, § 1; Matter of Smith v Popolizio, 108 Misc 2d 558, 560, affd 89 AD2d 944.

. This result is consistent with Kolodiziej v Conciliation & Appeals Bd. (Sup Ct, Kings County, index No. 30020/82), an article 78 proceeding upholding the CAB’s order directing a landlord to paint in the face of a lease provision under which the tenant agreed to paint. (Cf. Matter of Matinzi v Joy, 60 NY2d *208 835; 437 Palisade Ave. Realty Corp. v Boyd, 118 Misc 2d 577, affd 124 Misc 2d 759.)