Samuel M. Gold, J.
In Morris v. Flint & Bradley (277 App. Div. 1025, affg. 99 N. Y. S. 2d 126), the plaintiff tenant was *768 willing to surrender possession in the event that his agreement to do so was upheld as valid. He did not take the position that the agreement was illegal and that he therefore could not be compelled to vacate. The holding was, nevertheless, that the agreement was void and unenforcible. That decision is controlling here, notwithstanding the fact that the present plaintiff actually vacated the premises. The illegal agreement could not be made legal by plaintiff’s performance thereof. The plaintiff’s contention that the provisions of the State Rent and Eviction Regulations, forbidding a waiver by a tenant, were for the benefit of tenants and, therefore, may be waived by tenants is not without considerable force. Unfortunately, however, the decision in Morris v. Flint & Bradley (supra) refusing to permit the tenant in that case to enforce the landlord’s agreement, requires the dismissal of the present complaint.
Motion granted.