Henry Epstein, J.
This is an article 78 proceeding to annul the determination of the State Bent Administrator.
The petitioner-landlord and the tenant of an apartment in the subject premises agreed that upon the payment of a stated consideration she (tenant) would vacate her apartment on a certain date. The landlord paid the consideration but on the removal date the tenant retracted and refused to move.
The landlord sought an eviction certificate and this was denied. A protest to the State Bent Commission was also denied.
Section 16 of the State Bent and Eviction Begulations provides that an agreement by a tenant to waive provisions of the act or regulations is void. In Matter of Mavis v. McGoldrick (143 N. Y. S. 2d 167, 169 [1955]), the Supreme Court, Kings County (Olliffe, J.) had occasion to pass upon a similar application. In denying the application the court said: “ This court does not condone the breach of an agreement by, nor has it any sympathy for, a party to such breach, but, notwithstanding such individual feeling, must be, and is, bound by the rent laws and the rent and eviction regulations promulgated thereunder, which provide that a tenant, with certain exceptions not applicable in the present case, so long as he pays the rent to which the landlord shall be entitled, shall not be removed or evicted unless the Bent Commission shall issue a Certificate of Eviction. Section 15 of the Bent and Eviction Begulations provides: ‘ Waiver of benefit void. An agreement by the tenant to waive the benefit of any provision of the Act or these regulations is void. ’ In Morris v. Flint & Bradley, Inc., Sup., 99 N. Y. S. 2d 126, affirmed 277 App. Div. 1025, 100 N. Y. S. 2d 710, the court upheld the validity of Section 15 against a stipulation similar to the one here sought to be enforced and this court is bound by that holding. Since the determination of the Bent Commissioner is in accordance with law, the petition is dismissed.”
For the reasons therein stated the petition is denied and the proceeding dismissed.