OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In 1979, the Office of Rent Control ordered petitioner’s apartment decontrolled. No appeal was taken from this order. In 1982, petitioner challenged the 1979 order of decontrol, alleging that it had been procured by fraud. This challenge was dismissed by the district rent director. While an administrative appeal from this determination was pending, the landlord brought a dispossess action in Civil Court. Despite the pendency of the administrative proceeding, petitioner, who was represented by counsel, entered into a comprehensive stipulation with the landlord whereby he withdrew his answer with prejudice and agreed to surrender possession. The stipulation was “So Ordered” by the court. The deputy commissioner subsequently affirmed the order of the district rent director, and petitioner brought this article 78 proceeding, seeking annulment of the decontrol of his apartment.
A stipulation may be set aside because of fraud, collusion, mistake, accident or other such ground (see Matter of Frutiger, 29 NY2d 143, 150), but no such showing was made.* Petitioner was aware of the alleged fraud before he signed the stipulation, that being the basis for his challenge to the 1979 order of decontrol. Further, even if any ground had been established for setting aside the stipula *837 tion, the appropriate vehicle would have been an application to the Civil Court seeking relief from its order. (Siegel, NY Practice, p 242.)
In view of the stipulation surrendering possession, there is no need to reach the request of the district rent director for a remand to determine issues of fraud in connection with the decontrol of petitioner’s apartment.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs,'in a memorandum.

 While section 17 of the City Rent and Eviction Regulations voids any agreement whereby a tenant waives the benefit of the rent law (see Estro Chem. Co. v Falk, 303 NY 83), this section does not prohibit an agreement to surrender possession of the apartment and resolve incidental differences.