OPINION OF THE COURT
Harold Hyman, J.
In this CPLR article 78 proceeding petitioner, David Lieberman, seeks to annul and set aside an order of respondent Commissioner of the New York City Department of Housing Preservation and Development (hereinafter Commissioner) dated March 30, 1984, which upheld the landlord’s protest and reversed the order of the District Rent Director dated May 18, 1983, and to reinstate the order of May 18, 1983, in which it was held that the subject apartment was subject to the Rent Control Law.
Petitioner, David Lieberman, is the tenant in an apartment located at 97-50 Queens Boulevard, Forest Hills, New York. Petitioner originally moved into this apartment, which was subject to the Rent Control Law, with his parents and sister in 1943. In 1960, petitioner moved into another apartment while his parents continued to reside in the subject apartment. In June, 1981, petitioner moved *1018 back into his parents’ apartment and continued to live there following the death of his father in July, 1981 and his mother on April 26, 1982. Petitioner paid rent for the months of May, June and July of 1982. The landlord, Maryland Leasing Company, however, returned these rent payments to petitioner in August, 1982.
On October 18, 1982, the landlord filed a report of statutory decontrol with the District Rent Director pursuant to section 2 (subd f, par [17]) of the New York City Rent and Eviction Regulations (hereinafter Rent Regulations). Petitioner filed a response on December 2, 1982, in which he asserted that he was a proper statutory tenant and that the landlord had commenced a holdover proceeding against him in Civil Court, Queens County. On December 14,1982, the District Rent Director’s office commenced proceedings to review the landlord’s report of statutory decontrol. The holdover proceeding in Civil Court was conferenced on December 29, 1982, at which time petitioner requested that the court decline jurisdiction as the matter was pending before the administrative agency. This request was denied and petitioner, who was represented by counsel, entered into a written stipulation with the landlord in open court whereby the parties agreed in pertinent part that:
“1. David Lieberman shall be accepted by the landlord as a rent stabilized tenant in apartment D7 at 97-50 Queens Boulevard, Forest Hills, New York.
“2. David Lieberman relinquishes any claim that he is a rent controlled tenant at the above premises; and consents to the apartment being decontrolled.
“3. Tenant shall be offered a rent stabilized lease at the monthly rental of $450.00 per month. Said lease shall run from June 1, 1982 through December 31, 1983.
The December 29, 1982 stipulation was signed by petitioner and his attorney, and by the landlord’s agent and his attorney, and was “so ordered” by the court.
In April, 1983, the District Rent Director held several conferences regarding the landlord’s report of statutory decontrol and accepted evidence and statements from the landlord and tenant. A copy of the December 29, 1982 stipulation was also submitted by the landlord to the *1019 District Rent Director’s office. On May 18, 1983, the District Rent Director issued an order vacating the landlord’s report of statutory decontrol as he found that there had been no vacancy to warrant decontrol. The District Rent Director also fixed the maximum rent in the amount of $214.03 per month, effective January 1, 1981. The landlord, thereafter, filed a protest on June 8, 1983 in which it was argued that the order of May 18, 1983 was unwarranted in view of the December 29, 1982 stipulation. Petitioner, in response, asserted that the December 29, 1982 stipulation constituted a waiver of his rights in violation of section 17 of the Rent Regulations. On March 30,1984, the Commissioner reviewed the matter de novo and upheld the landlord’s protest. The Commissioner held that petitioner was bound by the December 29, 1982 stipulation and that this did not constitute a waiver of his rights pursuant to section 17" of the Rent Regulations.
Petitioner now seeks to vacate respondent’s order and determination of March 30, 1984. It is asserted that this order constitutes an error of law and is arbitrary and capricious in that the Commissioner relied solely on the December 29, 1982 stipulation which petitioner asserts violated section 17 of the Rent Regulations.
Respondent, in opposition, asserts that petitioner is bound by the stipulation as it was made in open court and signed by the parties and their attorneys. It is argued that this stipulation constitutes a valid waiver unaffected by section 17 of the Rent Regulations and therefore the Commissioner’s order of March 30, 1984 was neither arbitrary nor capricious and was made in accordance with the law.
It is well established that the court’s power to review a determination of an administrative agency is limited to establishing whether the determination was warranted in the record, had a reasonable basis in law and is neither arbitrary nor capricious. (Matter of Colton v Berman, 21 NY2d 322.) The Commissioner’s order of March 30, 1984, which held that petitioner was bound by the December 29, 1982 stipulation and that this stipulation does not violate section 17 of the Rent Regulations, clearly lacks a reasonable basis in law and must be vacated.
*1020 The Legislature enacted the New York City Rent and Rehabilitation Law (commonly known as the Rent Control Law, Administrative Code of City of New York, § Y51-1.0 et seq.) in order to protect tenants, as it found that the regulation and control of residential rents and evictions was necessary in order to “prevent exactions of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health”. (Administrative Code, § Y51-1.0, subd a; see, also, Local Emergency Housing Rent Control Act, L 1962, ch 21.) Section 17 of the Rent Regulations further protects tenants by providing that “[a]n agreement by the tenant to waive the benefit of any provision of the Rent Law or Regulations is void.”
While agreements to surrender an apartment or to resolve incidental differences have been upheld by the courts, the within stipulation goes far beyond the question of the tenant’s right to possession of the subject apartment. (See Matter of Matinzi v Joy, 60 NY2d 835.) Petitioner, pursuant to the December 29, 1982 stipulation, agreed to relinquish his claim as a rent-controlled tenant and became a rent-stabilized tenant with a monthly rent of $450. This is precisely the type of agreement the Legislature sought to prohibit. Moreover, the right to determine whether a rent-controlled apartment has become statutorily decontrolled and subject to the Rent Stabilization Law (Administrative Code, § YY51-1.0 et seq.), as well as the right to establish the legal rent for such apartment, rests exclusively with the city rent agency. Neither the parties nor the court may, by private agreement, make such a determination. (Administrative Code, §§ Y51-5.0, Y5110.0; Rent Regulations, § 2, subd f, par [17]; § 17; Norms Realty Corp. v Rodriguez, 108 Misc 2d 124.) Therefore, as the December 29, 1982 stipulation clearly violates the public policy set forth in the Rent Control Law and Regulations, this agreement is void.
As the Commissioner’s determination was based solely on this stipulation, the petition is granted to the extent that the order of March 30,1984 is vacated and the matter is remanded to the Commissioner for further consideration.