■ In the Matter of MARY KILAFOFSKI, Respondent, v LAURA D. BLACKBURNE, Appellant. [609 NYS2d 819] —In a proceeding, *inter alia,* pursuant to CPLR article 78 to review a determination of the New York City Housing Authority, dated February 6, 1991, adopting the recommendation of a Hearing Officer, made after a hearing, finding that the petitioner was ineligible for continued occupancy on the ground of, *inter alia,* nondesirability, the appeal is from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), entered November 22, 1991, which granted the petition and annulled the determination.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment entered November 22, 1991, is vacated; and it is further

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Since questions of substantial evidence are involved, this proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). However, this Court will treat the matter as one initially transferred here and will review the administrative determination de novo *(see, Matter of Zachareas v Perales,* 152 AD2d 586; *Matter of Old Country Toyota Corp. v Adduci,* 136 AD2d 706; CPLR 7804 [g]).

Contrary to the petitioner's contention, we find that there is substantial evidence in the record to support the determination of the New York City Housing Authority that the petitioner violated a written stipulation of permanent exclusion by permitting her son, a known drug dealer, to occupy her

household *(see, Matter of Serrano v Popolizio,* 183 AD2d 430; *Matter of Jimenez v Popolizio,* 180 AD2d 590). This evidence includes proof that, on several occasions after he had been arrested, the petitioner's son gave the authorities the petitioner's address and telephone number as his own, that the petitioner herself confirmed her son's residence at her address during a Criminal Justice Agency interview, that her son was observed by the police entering her apartment, that her son was frequently observed on the grounds of the housing project where the petitioner lived, and that he sold drugs there on numerous occasions.

The petitioner came forward with, *inter alia,* testimony in which she and her daughter denied that her son resided in her household, a purported explanation for her prior statement to the contrary, and notarized statements in which her son claimed that he resided elsewhere. This evidence merely raised issues as to the credibility of the witnesses and the weight to be accorded the evidence presented which were for the Hearing Officer to resolve *(see, Matter of Jimenez v Popolizio, supra).* Thus, we discern no basis in the record for disturbing the determination of the New York City Housing Authority *(see, e.g., Matter of Serrano v Popolizio, supra).*

We find that the penalty imposed (i.e., termination of the petitioner's tenancy) is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Serrano v Popolizio, supra).*

Since the petitioner has not prevailed in an action or proceeding to enforce a provision of 42 USC § 1983, she is not entitled to attorney's fees pursuant to 42 USC § 1988 *(see, Matter of Johnson v Blum,* 58 NY2d 454). Sullivan, J. P., Ritter, Pizzuto and Goldstein, JJ., concur.