■ LYLE F. STEVENSON, JR., Appellant, v CITY OF ROME et al., Respondents. (Appeal No. 1.) [654 NYS2d 917] —Order unanimously affirmed without costs. Memorandum: Although Supreme Court properly granted defendants' motion to dismiss the complaint, it should have done so pursuant to CPLR 3211 (c), rather than CPLR 3211 (a) (7). Defendants established that the City of Rome had withdrawn its decision to reduce the position held by plaintiff to part-time and to enforce a residency requirement against plaintiff some five months before this action was commenced, and plaintiff failed to raise a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Because plaintiff has not prevailed in an action or proceeding to enforce a provision of 42 USC § 1983, he is not entitled to an award of attorney's fees pursuant to 42 USC § 1988 (*see, Matter of Johnson v Blum*, 58 NY2d 454; *Matter of Kilofofski v Blackburne*, 201 AD2d 564, 565).

There is no merit to plaintiff's contention that the court lacked power or authority to dismiss the complaint from the bench without the benefit of a transcript and without issuing a written decision. Oral argument of a motion is not a "proceeding[ ] in [a] cause tried or heard" within the meaning of Judiciary Law § 295. Thus, no stenographic notes of the argument on the motion were required in the absence of a specific request by counsel.

Plaintiff's remaining arguments are based upon matters dehors the record and are therefore not properly before us (*see, Fisk v Slye*, 234 AD2d 983; *Block v Nelson*, 71 AD2d 509, 511). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.