OPINION OF THE COURT
Marcy Friedman, J.
This is a summary holdover proceeding brought on the ground that respondent entered into an agreement to surrender her apartment. It is undisputed that respondent signed an agreement, dated January 14, 1997, in which she agreed to terminate her tenancy and vacate the apartment. It is further undisputed that at the time of execution of the agreement, respondent’s apartment was subject to the Rent Control Law. Petitioner contends that the apartment was decontrolled by virtue of the agreement to vacate, and that this proceeding *869 may be brought to enforce the agreement.[1] Respondent moves to dismiss the proceeding, claiming that the agreement is void as a matter of law, ineffective to decontrol the apartment, and not a basis on which an eviction proceeding may be maintained.
The New York City Rent and Rehabilitation Law (Administrative Code of City of NY, tit 26, ch 3), commonly known as the Rent Control Law, was enacted in 1962 and subsequently renewed based on the legislative finding that the regulation of residential rents and evictions is necessary, in light of an acute shortage of housing, "to prevent exactions of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health”. (Administrative Code § 26-401 [a]; Local Emergency Housing Rent Control Act § 2 [L 1962, ch 21, § 1, as amended].)
The Rent Control Law expressly precludes eviction proceedings based on out-of-court agreements to surrender. Like other forms of rent regulation, the Rent Control Law operates to prevent unwarranted evictions by two approaches used in tandem: restriction of the rents which may be charged for regulated premises; and limitation of the grounds for eviction.
The Rent Control Law permits eviction in court proceedings or in proceedings before the administrative agency which administers the law, only on the grounds enumerated in the statute. Administrative Code § 26-408 (a) provides that no tenant shall be evicted from a rent-controlled apartment "notwithstanding any contract, lease agreement, or obligation heretofore or hereafter entered into which provides for surrender of possession,” "except on one or more of the following grounds”.[2] The grounds set forth for eviction in a court proceeding are: *870 violation of a substantial obligation of tenancy; commission of a nuisance; occupancy of the premises which violates requirements of law and subjects the landlord to civil or criminal penalties; use of the premises for an immoral or illegal purpose; refusal upon demand to execute a renewal of a written lease; unreasonable refusal of access to the landlord for the purpose of making repairs or for purposes of inspection; and expiration of rights of occupancy of a rent-controlled nonpurchasing tenant in a building converted to cooperative ownership, where the owner seeks the apartment for personal use and occupancy. (Administrative Code § 26-408 [a] [l]-[7].)[3] Not only do these grounds for eviction not include an agreement to surrender, but the statute specifically prohibits use of an agreement to surrender as a ground for eviction.
Petitioner seeks to avoid this clear prohibition by arguing that the agreement to surrender had the effect of decontrolling the tenancy and that the Rent Control Law is therefore inapplicable. This argument is unavailing. Any agreement to waive the benefits of the Rent Control Law is expressly prohibited by the implementing regulations, which provide: "An agreement by the tenant to waive the benefit of any provision of the Rent Law or these regulations is void.” (New York City Rent and Eviction Regulations [9 NYCRR] § 2200.15.)
As a general matter, an agreement to deregulate a premises is precisely the type of agreement which violates the prohibition against agreements to waive the benefits of the rent laws. (Matter of Lieberman v City of N. Y. Dept. of Hous. Preservation & Dev., 125 Misc 2d 1017 [Sup Ct, Queens County 1984]; see also, Draper v Georgia Props., 230 AD2d 455 [agreement to deregulate stabilized unit held void under analogous provision of Rent Stabilization Code].)
Out-of-court agreements to surrender rent-controlled premises have, in particular, been held to violate the no-waiver *871 prohibition of the Rent Control Law. While there does not appear to be recent authority concerning the enforceability of out-of-court surrender agreements, an older line of cases consistently held such agreements unenforceable under the no-waiver provision. In the lead case, Morris v Flint & Bradley (99 NYS2d 126, 127 [Sup Ct, NY County 1950], affd 277 App Div 1025), the court reasoned that an out-of-court agreement to surrender a residential rent-controlled premises was a "waiver agreement”, and was unenforceable even where it was made for consideration and it was the tenant who sought its enforcement. Courts following Morris have repeatedly refused to enforce such agreements, whether at the instance of the landlord or of the tenant. (E.g., Markakis v Hubig, 68 Misc 2d 196 [App Term, 2d Dept 1970]; Matter of Colin v Weaver, 15 Misc 2d 542 [Sup Ct, NY County 1958]; Dixon v 410 Park Ave. Corp., 11 Misc 2d 767 [Sup Ct, NY County 1958].)
Interestingly, at the time the decision in Morris (supra) was rendered, the Rent Control Law (then a State statute) did not contain an express prohibition against eviction proceedings based on agreements to surrender. Morris was decided solely on the basis of the no-waiver prohibition of the statute. In 1951, the statute was amended to add the "notwithstanding clause” that prohibits eviction proceedings other than on statutorily enumerated grounds, "notwithstanding any contract, lease agreement or obligation heretofore or hereafter entered into which provides for surrender of possession.” (McKinney’s Uncons Laws of NY § 8585 [1] [Emergency Housing Rent Control Law § 5 (1); L 1946, ch 274, as amended by L 1951, ch 443, § 1].) With the addition of this clause, which has remained unchanged to date, the statute, consistent with Morris, prohibits eviction proceedings against rent-controlled tenants based on out-of-court agreements to surrender.
This statutory prohibition clearly bars this eviction proceeding based on the out-of-court agreement to surrender signed by respondent. The cases cited by petitioner, all of which concern the enforceability of in-court settlements, are not to the contrary. These cases hold that an agreement to surrender does not violate the prohibition against waiver of the benefits of the Rent Control Law provided that it is entered into in the context of a pending court proceeding, on the advice of counsel, and in order to settle a bona fide dispute as to whether, for example, the premises is in fact subject to rent control. (See, Matter of Matinzi v Joy, 60 NY2d 835 [1983]; Hill v Wek Capital Corp., 4 AD2d 615 [1st Dept 1957]; 437 Palisade Ave. Realty Corp. v *872 Boyd, 124 Misc 2d 759 [App Term, 2d Dept 1984]; see also, Matter of Ammon v New York State Div. of Hous. & Community Renewal, NYLJ, May 9, 1997, at 29, col 4 [Sup Ct, NY County].) In these cases, the issue is whether an in-court agreement to surrender is void as a matter of law under the no-waiver provision, and should therefore be set aside. These cases involve the enforceability of the in-court settlement agreement in the context of the proceeding in which the settlement agreement was made. None of the cases involves a separate eviction proceeding brought, despite the statutory prohibition, on the basis of an agreement to surrender — whether made in or out of court.[4]
Good reason exists for distinguishing between in- and out-of-court agreements to surrender for purposes of enforceability. An agreement to surrender which is entered into in a court proceeding under the supervision of the court and upon advice of counsel is made under circumstances which reasonably ensure that it is voluntary. These circumstances are lacking in the case of an out-of-court agreement to surrender which by its very nature is made without court supervision and often without benefit of counsel, and which accordingly presents a far greater likelihood of having been induced by coercion or duress. (Cf., Draper v Georgia Props., supra.)
Determination of the instant proceeding turns, however, not on case law distinctions between in- and out-of-court agreements but, as held above, on the clear statutory prohibition against maintenance of eviction proceedings based on agreements to surrender. This prohibition, which appears to reflect a legislative concern that coerced surrender "agreements” not *873 be sought in an effort to circumvent rent control, mandates dismissal of this proceeding as a matter of law.
The petition is accordingly dismissed with prejudice.

. The petition alleges in pertinent part: "Respondent was previously a rent controlled tenant. Respondent surrendered her tenancy rights in and to the premises by contract dated January 14, 1997, and agreed to vacate the premises on March 31, 1997, pursuant to such contract.” The petition further alleges that the apartment is not subject to rent control "by reason of the respondent’s valid surrender of her tenancy and the fact that the premises is located in a building owned and operated as a cooperative apartment corporation.”
Although the petition alleges an exemption from rent control based on the cooperative ownership of the building, petitioner acknowledges on this motion that respondent’s apartment is subject to rent control unless the agreement to surrender had the effect of decontrolling the apartment.

. The full text of the pertinent part of section 26-408 (a) is as follows: "No tenant, so long as he or she continues to pay the rent to which the landlord is entitled, shall be removed from any housing accommodation which is subject to rent control under this chapter by action to evict or to re *870 cover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession notwithstanding the fact that the tenant has no lease or that his or her lease, or other rental agreement, has expired or otherwise terminated, notwithstanding any contract, lease agreement, or obligation heretofore or hereafter entered into which provides for surrender of possession, or which otherwise provides contrary hereto, except on one or more of the following grounds, or unless the landlord has obtained a certificate of eviction [from the administrative agency] pursuant to subdivision b of this section”. (Emphasis supplied.)

. The grounds for obtaining a certificate of eviction from the administrative agency, although not here relevant, also clearly do not include an agreement to surrender. (Administrative Code § 26-408 [b].)

. In Matter of Matinzi v Joy (60 NY2d 835, supra), the Court found that no grounds had been shown for vacatur of a stipulation of settlement of an eviction proceeding which provided for the tenant to surrender possession. At the time the settlement was made there was a dispute between the parties as to whether an order of the Office of Rent Control decontrolling the apartment had been properly rendered. The Court noted, in a footnote, that while then section 17 (now 9 NYCRR 2200.15) of the New York City Rent and Eviction Regulations "voids any agreement whereby a tenant waives the benefit of the rent law [citation omitted] this section does not prohibit an agreement to surrender possession of the apartment and resolve incidental differences.” (Supra, at 836.) Matinzi, however, concerned the validity of a stipulation to surrender which was made in settlement of a pending court proceeding by a represented tenant, and "so ordered” by the court. The footnote is not applicable to out-of-court agreements to vacate.