■ In the Matter of SHIRLEY SHAW, Petitioner, v RUBEN FRANCO et al., Respondents. [674 NYS2d 345] —Determination of respondent New York City Housing Authority, dated October 9, 1996, which terminated petitioner's tenancy on the ground of nondesirability unless she, *inter alia*, placed her grandson in a residential program, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard Braun, J.], entered September 3, 1997) dismissed, without costs.

The detailed testimony of two Housing Authority employees regarding incidents in which they had been either assaulted or threatened by petitioner's emotionally disturbed juvenile grandson and petitioner's own testimony acknowledging those incidents, as well as the Hearing Officer's observations during the hearing of the grandson's "extreme rage" and dangerous behavior, constituted substantial evidence in support of respondent's determination (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-181) that petitioner was a nondesireable tenant so long as her grandson continued to reside with her. Taking into account all of the relevant circumstances, including the opportunities afforded

petitioner by respondent to find some less drastic solution to the very serious problem posed to the Housing Authority community by her grandson's dangerous behavior and petitioner's evident inability to formulate an effective plan to keep her grandson's behavior within socially acceptable limits, the conditional termination of petitioner's tenancy on the ground of nondesireability does not shock our sense of fairness. Plainly, respondent could not prudently allow the continuation of a tenancy entailing such clearly demonstrated and clearly foreseeable danger to others in the project community. Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.