OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
Petitioner (tenant) signed an out-of-court agreement to surrender possession of rent-controlled premises he had resided in for approximately 35 years. In return, he was paid $2,500 by landlord. In his verified petition, tenant alleged that he was mentally disabled and sought, inter alia, the appointment of a guardian ad litem, and to be restored to possession on the ground that the agreement was procured under threat by landlord and was void under New York City Rent and Rehabilitation Law (Administrative Code of City of NY) § 26-408 (a).
In his answer, landlord alleged that the tenant voluntarily surrendered the premises and had the mental capacity to enter into the agreement. Upon a hearing on the issue of the appointment of a guardian ad litem, the court determined that it could not “ ‘state categorically’ that the [tenant’s] mental condition would not impede his ability to assist in the presentation of and defense of his case”, and accordingly appointed tenant’s brother, Pasquale Grasso, as the guardian ad litem. After a hearing on the merits, the court directed that tenant be restored to possession based on its determination that the out-of-court agreement was involuntary and void under the rent control laws.
Section 26-408 (a) of the New York City Rent and Rehabilitation Law (Administrative Code; commonly known as the Rent Control Law) expressly prohibits the exclusion from possession of a rent-controlled tenant “notwithstanding any contract * * * entered into which provides for surrender of possession”, except upon certain grounds enumerated thereunder, none of which is applicable here. The New York City Rent and Eviction Regulations provide: “An agreement by the tenant to waive the benefit of any provision of the Rent Law or these regulations is void” (9 NYCRR 2200.15). While the courts have generally held that these statutory no-waiver provisions are not applicable to in-court stipulations entered into with representation by counsel and in settlement of a bona fide dispute (437 Palisade Ave. Realty Corp. v Boyd, 124 Misc 2d 759; see, Matter of Matinzi v Joy, 60 NY2d 835; Hill v Wek Capital Corp., 4 AD2d 615; but see, Matter of Lieberman v City of N. Y. Dept. of Hous. *688 Preservation & Dev., 125 Misc 2d 1017), as a rule, they have refused to enforce out-of-court surrender agreements of rent-controlled premises on the ground that these are prohibited by the statutory no-waiver provisions of the rent control laws (see, e.g., Merwest Realty Corp. v Prager, 177 Misc 2d 956; Morris v Flint & Bradley, 99 NYS2d 126, affd 277 App Div 1025; Markakis v Hubig, 68 Misc 2d 196; Dixon v 410 Park Ave. Corp., 11 Misc 2d 767; Matter of Colin v Weaver, 15 Misc 2d 542; Matter of Mavis v McGoldrick, 143 NYS2d 167).
In our view, the issue of whether the out-of-court surrender agreement here is void and unenforceable ultimately depends on whether it was entered into voluntarily or under duress and coercion. At the hearing, tenant testified that he signed the agreement to surrender possession of the premises because he was threatened by landlord’s son. It is undisputed that after vacating the six-room apartment, tenant had nowhere to go and stayed in a hotel for several nights before finding accommodations in a basement of a commercial building. It is furthermore uncontroverted that after tenant vacated the premises, landlord promptly changed the locks, then filed an application for decontrol of the premises on or about October 25, 1997, and rented out said premises to new tenants at a monthly rent of $900. At the hearing, landlord maintained that tenant left the premises voluntarily, that he had expressed to him in several conversations that he no longer wanted to stay in the apartment because it was too large, and that he spoke of his desire to be put in an adult home where he would not have so many responsibilities. The court below found that the landlord’s position that the agreement was voluntary lacked credibility. The court stated in this regard: “The facts * * * show that [tenant] had no place to go, so why give up a six room apartment”, and further, that “[i]f [landlord] was convinced that the [tenant] was voluntarily vacating the premises and [tenant] was surrendering the keys, why change the locks the same day.” It is well settled that the hearing court’s determination of issues of credibility is entitled to great weight. We find no basis upon this record to disturb the court’s resolution of questions of credibility in favor of tenant.
Under the circumstances, the court below properly determined that the out-of-court surrender agreement was unenforceable and prohibited under the Rent Control Law. Contrary to landlord’s argument, raised for the first time on appeal, any “modest rent defaults” that may be attributed to tenant cannot defeat the assertion of his rights to possession (see, *689 Merwest Realty Corp. v Prager, supra, at 957). Nor can such rights be defeated by the fact that landlord renovated the premises subsequent to tenant’s departure (see, Golde Clothes Shop v Loew’s Buffalo Theatres, 236 NY 465).
Inasmuch as the surrender agreement was procured by coercion, landlord comes into this proceeding with unclean hands. Accordingly, we decline to condition tenant’s restoration to possession upon a return of the $2,500.
We note that in Merwest Realty Corp. v Prager (supra), the court determined that the out-of-court surrender agreement at issue in that case was “void ab initio” and could not serve as a predicate for eviction under the holdover petition. However, as the disposition herein rests on the determination that the surrender agreement was not voluntarily entered into, it is not necessary to reach the issue of whether said agreement constituted a per se violation under the Rent Control Law.
Kassoff, P. J., Aronin and Chetta, JJ., concur.