In the Matter of LOUISA BROWN, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [812 NYS2d 135]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated August 20, 2003, adopting the recommendation of a hearing officer dated August 1, 2003, made after a hearing, finding that the petitioner was ineligible for continued occupancy on the ground of, inter alia, nondesirability, the appeal is from a judgment of the Supreme Court, Kings County (Douglass, J.), dated September 14, 2004, which, in effect, granted the petition and annulled the determination.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Since a question of substantial evidence is involved, this proceeding should have been transferred to this Court pursuant to CPLR 7804 (g). However, this Court will treat the matter as one initially transferred here and will review the administrative determination on that basis (*see Matter of Weingarten v Crime Victims Bd.,* 22 AD3d 763 [2005]; *Matter of Tutuianu v New York State,* 22 AD3d 503 [2005]; *Matter of Sureway Towing, Inc. v Martinez,* 8 AD3d 490 [2004]; *Matter of Kilafofski v Blackburne,* 201 AD2d 564 [1994]).

The petitioner is a tenant in a public housing development

administered by the New York City Housing Authority (hereinafter the Housing Authority). The Housing Authority sought to terminate her tenancy after a search of her apartment, pursuant to a search warrant, recovered, inter alia, 159 ziploc bags of crack cocaine and 19 ziploc bags of marijuana. Following an administrative hearing, the hearing officer recommended that the petitioner's tenancy be terminated, and the Housing Authority adopted the recommendation. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court, in effect, granted the petition and annulled the determination.

The determination was supported by substantial evidence (see Matter of Satterwhite v Hernandez, 16 AD3d 131, 132 [2005]; Matter of Cruz v New York City Hous. Auth., 282 AD2d 230 [2001]; Matter of Fuller v New York City Hous. Auth., 281 AD2d 231 [2001]; Matter of Walker v Franco, 275 AD2d 627 [2000], affd 96 NY2d 891 [2001]; Matter of Willock v Schenectady Mun. Hous. Auth., 271 AD2d 818, 819 [2000]; Matter of Ortiz v Franco, 259 AD2d 445 [1999]; Matter of Ortiz v New York City Hous. Auth., 245 AD2d 86, 86-87 [1997]; Matter of Simons v New York City Hous. Auth., 232 AD2d 195 [1996]; Matter of Rivera v Hernandez-Pinero, 205 AD2d 473, 474 [1994]; Matter of Burgess v Popolizio, 169 AD2d 831, 832 [1991]). We discern no basis to disturb the Hearing Officer's assessment of credibility (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.