■ In the Matter of STEPHANIE STAFFORD, Petitioner, v TINO HERNANADEZ, as Chairman and Member of the New York City Housing Authority, et al., Respondents. [859 NYS2d 643]—

Determination of respondent New York City Housing Authority (NYCHA), dated March 21, 2007, terminating petitioner's public housing tenancy on the grounds of nondesirability and breach of NYCHA's rules and regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered January 16, 2008), dismissed, without costs.

The determination was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). There exists no basis to disturb the credibility findings of the hearing officer (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]), in this matter where the victim, an employee of NYCHA, testified that petitioner punched her in the face causing injuries during a meeting to review petitioner's annual income certification documents. Such testimony was corroborated by another testifying NYCHA employee, who assisted in separating petitioner from the victim, and petitioner herself acknowledged that she struck the victim, although she maintained she was justified in doing so after the victim initiated contact; petitioner pled guilty to disorderly conduct as a result of the incident. Contrary to petitioner's contention that this was an isolated incident, the record supports the hearing officer's finding that petitioner's conduct toward the victim "escalated from two prior incidents of verbal abuse." The victim testified that in 2004, petitioner menacingly approached her after a late rent notice had been

placed under petitioner's door, and in 2005, petitioner used foul language and repeatedly threatened the victim during a telephone call in which petitioner attempted to hold the victim responsible for her failure to receive mail after she transferred apartments.

The termination of petitioner's tenancy does not shock our sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550, 555 [2000]; *Matter of Shaw v Franco*, 251 AD2d 156 [1998]), and we reject petitioner's requests for a lesser penalty or to re-open the hearing to address her claims that the complained of conduct was attributable to the medication she was taking for her asthma. Petitioner fails to offer expert evidence that the dosage and types of steroids she was allegedly taking caused her to act in the manner in which she did. Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.