In the Matter of NATHANIEL MACK, Appellant, v NYCHA RED HOOK WEST HOUSES, Respondent. [5 NYS3d 905]—Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority, dated July 11, 2012, which adopted the recommendation of a hearing officer dated June 8, 2012, made after a hearing, finding that the petitioner was ineligible to continue his occupancy of an apartment in a public housing development on the ground of, inter alia, nondesirability, and terminated his tenancy.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Review of an administrative determination made after a trial-type hearing directed by law is limited to whether the determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Harrison v Palumbo*, 122 AD3d 634, 635 [2014]). Here, substantial evidence was adduced at the hearing to support the conclusion of the New York City Housing Authority that the petitioner engaged in "drug-related criminal activity" in violation of the terms of his tenancy (*see* 42 USC §§ 1437d [l] [6]; 1437f [d] [1] [B] [iii]; *see also* 24 CFR 5.858, 247.3 [a] [3]; 966.4 [f] [12] [i] [B]; *Matter of Bond v Howard Houses [NYCHA]*, 89 AD3d 730 [2011]; *Matter of Morales v Department of Hous. Preserv. & Dev.*, 83 AD3d 1075 [2011]; *Matter of Brown v New York City Hous. Auth.*, 27 AD3d 733, 734 [2006]). The imposed penalty of termination of the petitioner's lease was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Smith v Tuckahoe Hous. Auth.*, 111 AD3d 642, 643 [2013]; *Matter of Bond v Howard Houses [NYCHA]*, 89 AD3d at 730-731). Eng, P.J., Leventhal, Hall and Roman, JJ., concur.