■ In the Matter of NANCY ROPER, Petitioner, v MUNICIPAL HOUSING AUTHORITY FOR CITY OF YONKERS et al., Respondents. [41 NYS3d 117]—

Proceeding pursuant to CPLR article 78 to review a determination of the Municipal Housing Authority for the City of Yonkers dated January 4, 2014, made after a hearing, finding that the petitioner violated certain provisions of her lease and terminating her tenancy.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner is a tenant in a public housing development administered by the Municipal Housing Authority for the City

of Yonkers (hereinafter the Housing Authority). The Housing Authority charged the petitioner with various violations of the terms of her tenancy after a search of her apartment by the Yonkers Police Department recovered a bag of drugs. An administrative hearing was conducted on the charges at which a Housing Authority employee testified that a large quantity of PCP was discovered in the apartment. Following the hearing, the Housing Authority determined that the petitioner violated certain provisions of her lease prohibiting drug-related activity on the premises and terminated her tenancy. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Judicial review of an administrative determination made after a hearing directed by law is limited to whether the determination is supported by substantial evidence (see *Matter of Mack v NYCHA Red Hook W. Houses*, 127 AD3d 1198, 1199 [2015]; *Matter of Brown v New York City Hous. Auth.*, 27 AD3d 733, 734 [2006]). Here, the Housing Authority's determination that the petitioner violated certain provisions of her lease regarding drug-related activity was supported by substantial evidence. Moreover, the penalty of lease termination was not so disproportionate as to be shocking to one's sense of fairness such that it would constitute an abuse of discretion as a matter of law (see *Matter of Perez v Rhea*, 20 NY3d 399, 405 [2013]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]; *Matter of Mack v NYCHA Red Hook W. Houses*, 127 AD3d at 1199; *Matter of Brown v New York City Hous. Auth.*, 27 AD3d at 734). Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.