Matter of Burton v New York City Hous. Auth. (2019 NY Slip Op 08402)





Matter of Burton v New York City Hous. Auth.


2019 NY Slip Op 08402


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-06375
 (Index No. 500901/18)

[*1]In the Matter of Lameisha Burton, petitioner,
v
New York City Housing Authority, respondent.


Jonathan Strauss, New York, NY, for petitioner.
Kelly D. MacNeal, New York, NY (Nancy M. Harnett and Andrew M. Lupin of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated February 18, 2018, adopting the recommendation of a hearing officer dated December 19, 2017, made after a hearing, finding that the petitioner was ineligible to continue her occupancy of an apartment in a public housing development on the ground, inter alia, of nondesirability, and terminating her tenancy.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner is a tenant of an apartment in a public housing development operated by the respondent New York City Housing Authority (hereinafter the Housing Authority). The Housing Authority sought to terminate the petitioner's tenancy and charged her with, inter alia, nondesirability on the basis of drug-related criminal activities conducted by others from her apartment in violation of the terms of her tenancy. Following an administrative hearing, a hearing officer sustained the charges against the petitioner and recommended that her tenancy be terminated. The Housing Authority adopted the hearing officer's recommendation. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the Housing Authority's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
In CPLR article 78 proceedings, judicial review of factual findings made by an administrative agency after a hearing directed by law is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231). Here, the Housing Authority's determination to terminate the petitioner's tenancy was supported by substantial evidence (see Matter of Roper v Municipal Hous. Auth. for City of Yonkers, 144 AD3d 925, 926; Matter of Santana v New York City Hous. Auth., 106 AD3d 449; Matter of Brown v New York City Hous. Auth., 27 AD3d 733, 734). Moreover, in light of all the circumstances, the penalty of termination of the petitioner's tenancy was not so disproportionate to the offenses as to be shocking [*2]to one's sense of fairness such that it would constitute an abuse of discretion as a matter of law (see Matter of Roper v Municipal Hous. Auth. for City of Yonkers, 144 AD3d at 926; Matter of Grant v New York City Hous. Auth., 116 AD3d 531, 533).
The petitioner's remaining contention is without merit.
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court