Matter of Donmartin v New York City Hous. Auth. (2020 NY Slip Op 00127)





Matter of Donmartin v New York City Hous. Auth.


2020 NY Slip Op 00127


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-10532
 (Index No. 6224/16)

[*1]In the Matter of Rosa Donmartin, appellant,
v
New York City Housing Authority, respondent.


Rosa Donmartin, Brooklyn, NY, appellant pro se.
Kelly D. MacNeal, New York, NY (Laura R. Bellrose and Nancy M. Harnett of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated June 28, 2016, which adopted the recommendation of a hearing officer dated June 8, 2016, made after a hearing, finding that the petitioner was ineligible to continue her occupancy of an apartment in a public housing development on the ground of, inter alia, nondesirability, and terminated her tenancy, the petitioner appeals from a judgment of the Supreme Court, Kings County (Genine D. Edwards, J.), dated August 23, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed, without costs or disbursements, and the judgment is vacated; and it is further,
ADJUDGED that the determination dated June 28, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner is a tenant of an apartment in a public housing development operated by the respondent New York City Housing Authority (hereinafter the Housing Authority). The Housing Authority sought to terminate the petitioner's tenancy, charging her with, inter alia, nondesirability based on threatening and abusive remarks made by her to Housing Authority employees and other tenants, her failure to register or maintain her dog in compliance with the Housing Authority's pet policy, and misrepresentation of household income. Following an administrative hearing, at which the petitioner failed to appear despite having received notice thereof, the hearing officer sustained the charges against the petitioner and recommended that her tenancy be terminated. The Housing Authority adopted the hearing officer's recommendation. The petitioner then commenced this proceeding pursuant to CPLR article 78 seeking review of the Housing Authority's determination. In a judgment dated August 23, 2017, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Since the petition raised the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804(g). However, since the record is before this Court, it may treat this matter as one initially transferred here and may review the determination de novo (see Matter of Lee [*2]v New York City Hous. Auth., 138 AD3d 745, 746; Matter of Bond v Howard Houses [NYCHA], 89 AD3d 730, 730; Matter of Brown v New York City Hous. Auth., 27 AD3d 733, 733).
As an initial matter, it is undisputed that, during the pendency of this appeal, the petitioner executed a stipulation consenting to the entry of a judgment awarding the Housing Authority possession of the subject apartment in an eviction proceeding in the Civil Court of the City of New York, Kings County. The Housing Authority is correct that the petitioner cannot collaterally attack the judgment of possession on this appeal (see Matter of Matinzi v Joy, 60 NY2d 835, 837; Matter of Whitted v New York City Hous. Auth., 110 AD3d 447, 447; McLaughlin v Hernandez, 16 AD3d 344, 346).
In any event, the Housing Authority's determination was supported by substantial evidence (see Matter of Lee v New York City Hous. Auth., 138 AD3d at 746; Matter of Cubilete v Morales, 92 AD3d 470, 470; Matter of Shuler v New York City Hous. Auth., 88 AD3d 895, 897; Matter of Bellamy v Hernandez, 72 AD3d 814, 814; Matter of Zeigler v New York City Hous. Auth., 35 AD3d 624, 624). Furthermore, under the circumstances presented, the penalty of termination of the petitioner's tenancy was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Mack v NYCHA Red Hook W. Houses, 127 AD3d 1198, 1199; Matter of Ottley v New York City Hous. Auth., 106 AD3d 741, 744; Matter of Cubilete v Morales, 92 AD3d at 470; Matter of Bellamy v Hernandez, 72 AD3d at 814).
The petitioner's remaining contentions are either without merit or not properly before us.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court