Matter of Hart v New York City Hous. Auth. (2024 NY Slip Op 03482)

Matter of Hart v New York City Hous. Auth.

2024 NY Slip Op 03482

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-02497
 (Index No. 2558/19)

[*1]In the Matter of Vincenia Lee Hart, petitioner,
v
New York City Housing Authority, respondent.

New York Legal Assistance Group, New York, NY (Beth E. Goldman and Melissa Alexander of counsel), for petitioner.
Lisa Bova-Hiatt, New York, NY (Seth E. Kramer and Andrew M. Lupin of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated August 16, 2019. The determination adopted the recommendation of a hearing officer dated June 12, 2019, made after a hearing, finding that the petitioner was ineligible to continue her occupancy of an apartment in a public housing development on the ground, inter alia, of nondesirability, and terminated her tenancy.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner is a tenant of an apartment in a public housing development operated by the respondent, New York City Housing Authority (hereinafter NYCHA). NYCHA sought to terminate the petitioner's tenancy, charging her with nondesirability, among other things, on the basis of aggressive and violent behavior towards NYCHA employees. During an administrative hearing, in addition to otherwise defending against the charges, the petitioner proffered proof that she suffered from post-traumatic stress disorder and requested that NYCHA provide her a reasonable accommodation for her disability. The hearing officer sustained the charges against the petitioner, finding that her disability was insufficient to warrant a mitigated sanction and that "no reasonable accommodation . . . would offer a solution." The hearing officer recommended that the petitioner's tenancy be terminated. NYCHA adopted the hearing officer's recommendation. The petitioner commenced this proceeding pursuant to CPLR article 78 to review NYCHA's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
As an initial matter, the petitioner is correct that NYCHA's references in its brief to a September 8, 2020 incident relate to facts outside of the record adduced before the hearing officer and, thus, are beyond the scope of judicial review in this administrative proceeding (see Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 6 NY3d 104, 110; Matter of Evans v New York City, 94 AD3d 885, 887).
Judicial review of an administrative determination made after a hearing directed by law is generally limited to whether the determination is supported by substantial evidence (see CPLR [*2]7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045; Matter of Burton v New York City Hous. Auth., 177 AD3d 874, 874; Matter of Roper v Municipal Hous. Auth. for City of Yonkers, 144 AD3d 925, 926). Here, NYCHA's determination to terminate the petitioner's tenancy was supported by substantial evidence (see Matter of Stafford v Hernandez, 52 AD3d 304, 305; Matter of Zeigler v New York City Hous. Auth., 35 AD3d 624, 624; see also Matter of Burton v New York City Hous. Auth., 177 AD3d at 874).
Contrary to the petitioner's contention, under the circumstances presented, the hearing officer gave sufficient consideration to the petitioner's request for a reasonable accommodation (cf. Matter of Washington v Olatoye, 173 AD3d 467, 469; see generally 42 USC §§ 3602[h]; 3604[f][3][B]; Matter of Prospect Union Assoc. v DeJesus, 167 AD3d 540, 543; Handy v City of New Rochelle, 198 F Supp 3d 298, 308).
Moreover, in light of all the circumstances, the penalty of termination of the petitioner's tenancy was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Pell v Bd. of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233; Matter of Donmartin v New York City Hous. Auth., 179 AD3d 678, 680; Matter of Burton v New York City Hous. Auth., 177 AD3d at 875).
The petitioner's remaining contention is without merit.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court